DOLORES VEGA RODRÍGUEZ ET AL., Plaintiffs and Appellees, v. JUAN GARCÍA ET AL., Defendants and Appellants.

No. 8570. Argued February 12, 1943.—Decided April 27, 1943.

*A. J. Amadeo* for appellants. *José C. Jusino* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On September 5, 1928, Juan García and his wife Anastacia Acosta executed a mortgage upon a house belonging to them to guarantee a loan for $700 at 12 per cent annual interest made to them for two years by Antonio Vega. On February 19, 1934, Vega sold his mortgage credit to Mercedes Rodríguez. The creditor and debtor both having died and the debt having matured, the heirs of the former sued the heirs of García Acosta to collect $700 of the loan and $588 as interest at 12 per cent from February 19, 1934, until February 19, 1941, plus $150 for costs and attorney's fees, which had been agreed upon in the mortgage deed. The defendants demurred to the complaint on the ground that it did not state a cause of action. The demurrer was overruled and judgment by default was entered against them

for the amounts claimed after a hearing at which the plaintiffs introduced their evidence.

The defendants took this appeal and charged that the court below committed error in overruling the demurrer because from the allegations in the complaint it appears that the creditor is charging interest at the rate of 12 per cent annually since February 19, 1934, to February 19, 1941, in violation of the provisions of the Usury Act as amended by Act No. 5 of 1935 (Spec. Sess. Laws, p. 26.)

■■ The appellants cite the case of *Caraballo* v. *Registrar*, 48 P.R.R. 902, and argue that since it appears from the complaint that, in accordance with the assignment, interest was collected at the rate of 12 per cent annually even though there was no agreement in the mortgage deed concerning interest in the case of nonpayment at maturity, the 6 per cent legal interest rate should therefore prevail, and that it is evident a new contract was entered into, which is void, and that because of this the complaint does not state a cause of action. .

In the first place we must say that from the record it does not appear whether there was or there was not an agreement with regard to interest at 12 per cent in case of nonpayment, since the appellants have not filed the transcript of evidence of the plaintiff in the court below. All that appears from the complaint is that the original debtors agreed to pay interest at 12 per cent annually. The allegation that the creditor assigned his mortgage credit to the ancestor of the plaintiff does not mean that a new contract was entered into and in this respect this case is different from the *Caraballo* case, *supra*. In the *Caraballo* case a new contract was entered into by which there was an extension of the term of the loan, and we decided that since this was done after the amendment to the Usury Act of 1933 was effective, said contract was not valid with regard to the payment of interest. In the instant case the only thing that was

done was to assign the mortgage credit without varying the terms of the original contract in any manner, as appears from the plaintiffs' allegations. The amendment to the Usury Act of 1933 is not applicable to this case, since the contract was entered into in 1928 and the assignment of the credit did not vary in any way the original contract, and therefore the liability of the mortgage creditor remained the same after said assignment.

██ Another question appears from the allegations in the complaint in this case, which was raised by the demurrer. The complaint does not contain any allegation with regard to the fact that in the mortgage contract interest was agreed to in case of nonpayment and maturity and yet was charged at the rate of 12 per cent annually for all the time during which the debtor was in default. This court has decided in the *Caraballo* case, *supra,* and also in *Goyco* v. *Rodríguez et al.,* 28 P.R.R. 492, from the syllabus of which we quote, that "When an obligation upon which interest accrues is silent as to the rate of interest to be paid by the debtor after maturity the creditor can not collect more than the legal rate," in accordance with §1061 of the Civil Code. This being so, it is an indispensable element of every complaint, in which interest for default is charged at a rate higher than 6 per cent to allege that specific interest was agreed upon in the event of default, which shall not exceed that prohibited by the Usury Act. Without said allegation, the complaint does not state a cause of action as to interest for default at a rate higher than 6 per cent. In granting it the court below erred and, therefore, the judgment appealed from should be modified so as to order the defendant to pay interest while in default at the rate of 6 per cent, and as thus modified, the judgment is affirmed.